UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN H. BURTON,

    Plaintiff,

  v.                                                      Case No. 16-CV-594

KOHN LAW FIRM, S.C.,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

John H. Burton filed a complaint against Kohn Law Firm, S.C. alleging violations of both the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA") based on actions taken (or not taken) by Kohn in the course of a state court collections lawsuit against Burton. Kohn has filed a motion to dismiss Burton's complaint pursuant to Fed. R. Civ. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction and that, even if this Court did have jurisdiction, it should abstain from the case while the underlying state court case is pending. Subsequent to the completion of briefing on this motion, the state court case was dismissed. I asked that the parties submit brief statements on whether the dismissal of the state court case mooted Kohn's abstention argument. Kohn agreed that it did, and it waived its abstention argument. (Docket # 18.) Therefore, the motion to dismiss concerns only whether or not this Court has subject matter jurisdiction over the lawsuit. For the reasons that follow, the defendant's motion to dismiss is denied.

## BACKGROUND

As relevant here, Burton alleges in his complaint that on February 17, 2015, Kohn Law Firm filed a small claims action against him in Brown County Circuit Court (case number 15SC1271) on behalf of its client, Unifund CCR LLC. (Compl., Docket # 1 at ¶ 6.) The complaint in that case alleged that Burton entered into a credit agreement with Citibank, NA and failed to make payments when due. (*Id.* ¶ 7.) The complaint alleged claims for breach of contract, account stated, and implied contract/unjust enrichment and sought damages of $9,302.52 plus interest. (*Id.*) Burton alleges that at no time was he served with either a notice of right to cure default with respect to the debt allegedly owed to Unifund or a notice of assignment with respect to the transfer of the alleged debt from Citibank to Unifund. (*Id.* ¶¶ 9-10.) He alleges that prior to the lawsuit, he had never heard of Unifund and had no awareness that Unifund claimed to be a creditor to which he owed money. (*Id.* ¶ 11.) Burton further alleges that "[t]o the extent that Burton entered into a credit agreement with Citibank, NA, such agreement was entered into for personal, family or household purposes." (*Id.* ¶ 12.)

## APPLICABLE RULE

Kohn moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Rule 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction because, unlike state courts, federal courts are courts of limited subject matter jurisdiction. However, courts have uniformly held that "[w]hen both the subject matter jurisdiction of the federal court and the substantive claim for relief are based on a federal statute, dismissal" should be under Fed. R. Civ. P. 12(b)(6)—for failure to state a claim—rather than under Rule 12(b)(1)—for lack of subject matter jurisdiction. *Health Cost*

*Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (citing 2A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1] (2d ed. 1994)); *see also Shapiro v. McManus*, 136 S.Ct. 450, 455-56 (2015) (internal citations omitted) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former."). Stated differently, "when a question arises on the applicability of a federal statute, 'the preferable practice is to assume jurisdiction exists and proceed to determining the merits of the claim pursuant to [Rule 12(b)(6)].'" *Daley v. Provena Hospitals*, 88 F. Supp. 2d 881, 885 (N.D. Ill. 2000) (internal citations and quotation marks omitted). Because Kohn argues that this court lacks subject matter jurisdiction on the basis that the FDCPA is not applicable (that is, that Burton has not alleged that the debt is a consumer debt, as required), this motion must be decided under Rule 12(b)(6), not Rule 12(b)(1).

And unlike a motion pursuant to Rule 12(b)(1), which permits the consideration of matters "beyond the jurisdictional allegations of the complaint" and "whatever evidence has been submitted on the issue," *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal quotations marks and citation omitted), Rule 12(b)(6) does not permit the court to consider matters outside the complaint without converting the motion into a motion for summary judgment, Fed. R. Civ. P. 12(d). While there are exceptions to this rule, such as documents that are referred to in the complaint (that are unquestionably authentic) or documents of which I can take judicial notice, *Whitehead v. Discover Bank*, 118 F. Supp. 3d 1111, 1117-18 (E.D. Wis. 2015) (internal citations omitted), the documents

accompanying Kohn's motion to dismiss[1] do no not fall under an exception to this rule. Therefore, the additional materials submitted by Kohn will not be considered.

## ANALYSIS

The only question before me, therefore, is whether Burton has sufficiently pled that the debt at issue was a consumer debt. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Under both the FDCPA and the WCA, the debt at issue must be consumer debt; that is, it must be for personal, family, or household purposes. 15 U.S.C. § 1692(a)(5); Wis. Stat. § 421.301(17). Therefore, in order to state a claim under both the FDCPA and the WCA, and plaintiff must, among other things, allege that the debt at issue is a consumer debt. Burton's complaint does just that. In paragraph 12, Burton alleges "To the extent that

---

[1] Kohn attached three documents to its motion to dismiss: the plaintiff's first set of interrogatories, requests for admission, and requests for production of documents; the defendant's response to those requests; and the court commissioner's notes from a July 6, 2015 hearing.

Burton entered into a credit agreement with Citibank, NA, such agreement was entered into for personal, family or household purposes." While Kohn's point about the equivocal nature of that allegation is noted, for the purpose of alleging a debt is a consumer debt under the FDCPA and WCA, this is sufficient. Because the motion has been decided under Rule 12(b)(6) rather then 12(b)(1), I will not consider Kohn's arguments about inconsistencies with the state court collection case. The defendant's motion to dismiss, therefore, is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 7) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of November, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge