**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JOHN H. BURTON,**

**Plaintiff,**

**v.** **Case No. 16-CV-594**

**KOHN LAW FIRM S. C., et al.**

**Defendants.**

---

## DECISION AND ORDER ON PLAINTIFF'S AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

John Burton filed suit against Kohn Law Firm and Unifund CCR, LLC alleging that both defendants violated the Fair Debt Collection Practices Act (FDCPA) and Wisconsin Consumer Act (WCA). Burton, Kohn, and Unifund have each filed motions for summary judgment. For the reasons explained below, Burton's motion for summary judgment is denied and defendants' motions for summary judgment are granted.

### UNDISPUTED FACTS

On February 17, 2015, Kohn, on behalf of Unifund, filed a lawsuit against Burton in Brown County Circuit Court. (Def.'s Proposed Findings of Fact ("DPFOF") ¶ 4, Docket # 54 and Pl.'s Resp. ¶ 4, Docket # 68.) The complaint alleged breach of contract, account stated, and unjust enrichment stemming from an unpaid credit card with Citibank, NA. (Am. Compl. ¶ 15, Docket # 24.) In his answer, Burton stated he had no knowledge of the credit agreement and he denied that he applied for the account with Citibank. (DPFOF ¶ 6, 9 and Pl.'s Resp. ¶ 6, 9.) On March 10, 2015, Burton filed counterclaims in state court alleging that Unifund violated the FDCPA and WCA by filing a complaint without

providing a "Notice of a Right to Cure." (Ex. B, Defs.' Br. in Supp. of Mot to Dismiss at 9-10, Docket # 29-2.)

On July 6, 2015, Burton testified before a small claims court commissioner that he did not apply for, and had no knowledge of, the credit card in question. (DPFOF ¶¶ 10-11 and Pl.'s Resp. ¶¶ 10-11.) On May 19, 2016, Burton filed an FDCPA suit in the Eastern District of Wisconsin against Kohn. (Compl., Docket # 1.) On September 15, 2016, the Brown County Circuit Court dismissed all of Unifund's claims and Burton's counterclaims without prejudice. (Ex. E., Def.'s Br. at 2, Docket # 29-5.) On January 10, 2017, Burton filed an amended complaint in the Eastern District of Wisconsin adding Unifund as a defendant. (Docket # 24.) On June 12, 2017, an employee from Citibank (the original creditor) informed Burton's counsel that the account in question was a "consumer account." (Pl.'s Proposed Findings of Fact ("PPFOF") ¶ 6, Docket # 41.) On March 28, 2018, defendants' motion to dismiss (Docket # 29) was granted in part and denied in part. (Docket # 72). Currently before me are cross summary judgment motions filed by Burton, Kohn, and Unifund. (Docket # 39, 48, 51.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A

dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, I must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

### *1. Burton's Summary Judgment Motion*

Burton argues that he is entitled to summary judgment as to liability on two of his claims: that defendants violated (1) 15 U.S.C. § 1692e of the FDCPA and (2) section 427.104(l)(j) of the WCA. Burton alleges that defendants are liable because they filed and continued a lawsuit "without ensuring a notice of right to cure default had been sent." (Pl.'s Br. in Supp. of Mot. at 2, Docket # 40.)

### 1.1 FDCPA Violation

Congress enacted the FDCPA to protect consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997). To establish an FDCPA claim, a plaintiff must show that: (1) defendant is a debt collector; (2) the debt collector sought to collect a "debt" as defined by the FDCPA; and (3) the collection attempt violated the FDCPA. *See* 15 U.S.C. § 1692. The FDCPA defines "debt" as:

> Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Thus, the FDCPA does not protect all obligations, but only those involving "consumer" debt. *Bass*, 111 F.3d at 1325. When determining whether a debt is consumer debt, courts should focus on "the transaction out of which the obligation to repay arose, not the obligation itself. . . ." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000).

Burton argues that he is entitled to summary judgment for a violation of 15 U.S.C. § 1692e because: (1) defendants are debt collectors; (2) the debt in question is consumer debt; and (3) defendants violated the FDCPA by filing a lawsuit without properly accelerating the debt. Because defendants do not dispute that they are debt collectors, I will address whether Burton has shown that the debt in question is consumer debt.

Burton argues that the debt in question is consumer debt for three reasons. First, defendants are self-described debt collectors. Second, the billing statements show that the charges are for personal, family and household use. Specifically, the statements were

addressed to an individual (Burton) and addressed to Burton's residence. Third, an employee of Citibank described the underlying account as a "consumer account." Burton asserts that "Kohn and Unifund offer no evidence that the debt is anything but consumer debt." (Pl.'s Br. at 10, Docket # 40.)

Burton has not shown that there is no genuine factual dispute in regards to whether the debt was consumer debt. To be clear, it is Burton's burden to establish each requirement of his FDCPA case including that the debt was consumer debt. *See Pantoja v. Portfolio Recovery Associates, LLC*, 78 F. Supp. 3d 743, 745 (N.D. Ill. 2015). Defendants being debt collectors is not dispositive of whether the debt in question is consumer debt. *See Garcia v. LVNV Funding LLC*, No. A-08-CA-514-LY, 2009 WL 3079962 *4 (W.D. Tex. Sept. 18, 2009) (explaining that defendant being a debt collector and sending a letter to plaintiff is not evidence that "the communication sent to [plaintiff] was from a debt collector in an attempt to collect a consumer debt."). Establishing that defendants are debt collectors is a separate element of the FDCPA.

Further, the billing statements do not, as Burton argues, show that they were clearly incurred for personal, family, or household purposes. That the billing statements were addressed to Burton's residence does not prove that the debt was consumer debt because "a person can be sued in his or her individual capacity even for business debt . . . ." *Boosahda v. Providence*, Case No. 10-1933, 462 F. App'x 331, 335, 2012 WL 268345 (4th Cir. Jan. 31, 2012) (citing *Miller*, 214 F.3d at 875). Additionally, "individuals often carry on commercial activities from residential settings." *Evenson v. Palisades Collection*, LLC, No. 23-CV-1226, 2015 WL 3466936 *4 (S.D. Ohio June 1, 2015) (internal citation omitted). Moreover, Burton does not dispute that he testified that he did not apply for, or have any knowledge of,

the underlying credit card transactions. (DPFOF ¶¶ 10-11 and Pl.'s Resp. ¶¶ 10-11.) In viewing the evidence in a light most favorable to the nonmoving party, I find that Burton is not entitled to judgment as a matter of law. Accordingly, Burton's motion for summary judgment as to liability for violating 15 U.S.C. § 1692e is denied.

1.2 WCA

Similar to the FDCPA, the WCA's purpose is to "protect customers against unfair, deceptive, false, misleading, and unconscionable practices by merchants." Wis. Stat. § 421.102(2)(b). While the WCA does not specifically define "debt," it does define "customer" as "a person . . . who seeks or acquires real or personal property, services, money or credit for personal, family, or household purposes." Wis. Stat. 421.301(17). Thus, because Burton has not established that there is no genuine factual dispute in regards to whether the debt was for personal, family, or household use, he is not entitled to judgment as a matter of law regarding a violation of Wis. Stat. § 427.104(l)(j). Therefore, Burton's motion for summary judgment under the WCA is denied.

*2. Defendants' Motion for Summary Judgment*

Defendants also move for summary judgment in regards to Burton's amended complaint. (Docket # 48, 51.) Specifically, defendants argue that they are entitled to summary judgment because: (1) Burton has failed to establish an essential element of his FDCPA claim—that the debt in question is consumer debt and (2) Burton has failed to establish that he was entitled to a notice of a right to cure.

2.1 Consumer Debt

Again, Burton does not dispute that he testified that he did not apply, or have any knowledge of, the underlying credit card transactions. (DPFOF ¶¶ 10-11 and Pl.'s Resp. ¶¶

10-11.) Defendants argue that because Burton has, on record, emphatically denied incurring the debt in question or having knowledge of the debt, he cannot put forth evidence that supports the argument that the debt is a consumer debt. (Unifund Br. in Supp. of Mot. ("Unifund Br.") at 5, Docket # 49, Kohn's Br. in Supp. of Mot. ("Kohn Br.") at 5, Docket # 52.)

The parties have not cited, and I have not found, any Seventh Circuit cases that directly address a plaintiff's burden to establish the consumer debt element when he has denied knowledge of, or association with the debt. However, defendants argue that *Boosahda*, 462 F. App'x 331 is instructive.

In *Boosahda*, the defendant sued plaintiff in state court, seeking to collect over $22,000 in unpaid credit card debt. 462 F. App'x at 332. At trial in state court, Boosahda testified that he could not recall whether he opened the credit card accounts and did not remember making the purchases. *Id*. Defendant's counsel then sought to introduce the credit card billing statements bearing Boosahda's name and address through its paralegal. *Id*. However, the trial court struck the evidence as hearsay and entered judgment in favor of Boosahda. *Id*.

Boosahda then brought a claim in federal court alleging a violation of the FDCPA. *Id*. Again, Boosahda denied having any knowledge of the credit cards and stated he did not remember making any purchases. *Id*. at 333. Defendant moved for summary judgment on the ground that Boosahada could not establish that the debt was consumer debt. *Id*. Although Boosahda asserted that he did not use any credit cards for business purposes and that a review of the charges on the billing statement could not be anything but charges for personal use, the district court found that Boosahda failed to carry his burden of showing

that the credit card debt was consumer debt and granted summary judgment for defendant. *Id*.

On appeal to the Fourth Circuit, Boosahda argued that he established that the debt was consumer debt in three ways. First, Boosahda argued that defendant admitted in a letter that it was a debt collector seeking to collect a debt. *Id*. at 334. Second, he argued that the defendant's motion for judgment against him in state court establishes that defendants sought to collect a consumer debt. *Id*. Third, Boosahda argued that his declaration in federal court stating that he did not make charges on his credit for business purposes showed that the debt was consumer debt. *Id*.

The Fourth Circuit upheld the district court's decision to grant summary judgment against Boosahda for failure to establish that the debt was a consumer debt. *Id*. at 334. The court stated that defendant using a debt collector's disclaimer did not demonstrate consumer debt because "a debt collector should not be penalized for taking precaution of including the disclaimer . . . in the event the debt is subject to the FDCPA." *Id*. Further, the court rejected Boosahda's argument that the state court action being initiated against him in his personal capacity establishes that the debt was consumer debt. The court acknowledged that "a person can be sued in his or her individual capacity even for business debts." *Id*. at 335. Moreover, the court noted the contradiction between Boosahda's testimony in state court—that he had no recollection of the charges in question—and his declarations in federal court stating he definitely did not use the credit cards for business purposes. *Id*. The court held that there was no genuine issue of material fact when "'the only issue of fact is to determine which of the two conflicting versions of a party's testimony is correct.'" *Id*. at 335-336 (internal citation omitted).

In this case, I find the analysis in *Boosahda* to be persuasive. As the plaintiff, it is Burton's burden to show that the debt in question is consumer debt. Similar to the argument made in his summary judgment motion, Burton asserts that "the defendants have offered no evidence that the alleged debt is anything but consumer debt." (Pl.'s Combined Resp. at 6, Docket # 66.) However, it is not defendants' burden to establish that the debt is not consumer debt.

Burton argues that he demonstrates the debt is consumer debt by showing that: (1) defendants are self-described debt collectors; (2) defendants treated the debt as consumer debt; and (3) a Citibank employee confirmed that the debt is consumer debt. As to Burton's first argument, as already discussed, defendants being debt collectors do not establish that the debt in question was consumer debt. *See Garcia*, 2009 WL 3079962, at *4.

As to Burton's reliance on how defendants treated the debt, he cites to *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) and *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) for the proposition that "how a debt collector characterizes a debt has an impact" on whether the debt is under the FDCPA. (Pl.'s Resp. at 5, Docket # 66.) In *Schlosser*, the Seventh Circuit explained that assignees who acquire debt that has defaulted are "debt collectors" for the purposes of the FDCPA while assignees who acquire debt not in default (and therefore continue the relationship similar to the original creditor) were not debt collectors under the FDCPA. 323 F.3d at 535. *Schlosser* was concerned with whether the FDCPA covered debt collection activities when a defendant attempted to collect a debt it mistakenly believed to be in default. *Id*. The Court stated that, despite defendant's mistake about the debt being in default, it was reasonable to "[f]ocus[] on the status of the obligation asserted by the assignee" and held that the FDCPA applied to

defendant. *Id*. at 539. Otherwise, the court reasoned, assignees would have "little incentive to acquire accurate information about the status of the loan" if ignorance of the status would free them from FDCPA liability. *Id*.

*Gburek* concerned whether a letter inviting a mortgagor to discuss ways to avoid foreclosure was a communication made "in connection with the collection of [the] debt" for the purposes of the FDCPA, despite the letter not containing an explicit demand for payment. 614 F.3d at 382. The court held that while the letter had no explicit demand for payment, "the purpose of the letter was to encourage [plaintiff] to contact [defendant] to discuss settlement options. *Id*. at 386.

Neither *Schlosser* nor *Gburek* read alone or together address a plaintiff's burden to establish a consumer debt. Furthermore, to Burton's point that defendants sued him as an individual and repeatedly pointed out that they were debt collectors collecting a debt governed by the FDCPA (Docket # 66 at 6), courts have recognized that a "debt collector could have treated the obligation as a consumer debt in an abundance of caution to protect itself from FDCPA liability." *See, e.g.*, *Evenson*, 2015 WL 3466936 *5 (citing *Matin v. Fulton, Friedman & Gullace LLP*, 826 F.Supp.2d 808, 813 (S.D. Fla. 2016)); *Anderson v. AFNI*, *Inc*., No. 10-4064 (E.D. Pa. May 11, 2011). While evidence of how a debt collector treats a debt is not wholly irrelevant, it is far from satisfying Burton's burden of establishing a consumer debt.

Further, the e-mail from a Citibank employee fails to establish that the debt was consumer debt. As a statement made by someone other than the declarant to prove the truth of the matter asserted (that the debt was consumer debt), the e-mail is inadmissible hearsay and does not fall into any exceptions. Fed. R. Evid. 801(c). Specifically, Citibank is not a

party in this case and its statement cannot be admitted as an opposing party's statement under Fed. R. Evid. 801(d)(2). Additionally, even if admissible, the e-mail stated that the account was a consumer account, not that the underlying debt was consumer debt. (Ex. C, Pagel Decl., Docket # 42-3.) The distinction is not semantic. The Seventh Circuit has stated that concerning the consumer debt inquiry, what is determinative is "the transaction out of which the obligation to repay arose, not the obligation itself." *Miller*, 214 F.3d at 875. In other words, what matters is the actual charges made that incurred the debt, not necessarily the original credit agreement. For example, if Burton would have applied for a business credit card, but used it for personal or household use, it would be consumer debt covered under the FDCPA. Thus, the e-mail from Citibank does not provide a factual dispute of whether a consumer debt exists.

Burton's reliance on the billing statements also fail to provide a factual dispute as to whether a consumer debt exists. The billing statements do not reveal the nature of the transactions. The transactions on the billing statements range from charges at the gas station to Office Depot. (Ex. F, Briane Pagel Decl. at 8-41, Docket # 42-6.) Burton does not argue that he is not a business owner or provide any further context of how the billing statements could not be for commercial use. To be sure, the billing statements as a whole do not necessarily show that the charges were for commercial use. However, the billing statements do not facially show that the charges were made for personal use either.

I recognize the tension that exists between the requirement of establishing that a debt is consumer debt and Burton's repeated assertion that he has no association with, and thus is not responsible for the underlying debt. In other words, how is Burton to show the nature of the debt if it is not his debt? In regards to this tension, Burton's case is similar to plaintiffs

who allege that they are victims of identity theft and thus unable to establish the intent or purpose of entering the transaction. Generally, courts look to the intent or purpose of the transaction when determining whether a consumer debt exists. *See, e.g., Slenk v. Transworld Systems, Inc.*, 235 F.3d 1072, 1075 (9th Cir. 2001) ("We have found it necessary . . . to 'examine the transaction as a whole,' paying particular attention to the 'purpose for which the credit was extended to determine whether [the] transaction was primarily consumer or commercial in nature.'"); *Riviere, et. al. v. Banner Chevorlet, Inc.*, 184 F.3d 457, 462 (5th Cir. 1999) ("'[W]e must examine the transaction as a whole and the purpose . . . in order to determine whether the transaction was primarily consumer or commercial in nature.'"); *Horton v. Trans Union, LLC*, No. 12-2072, 2015 WL 1055776 *5 (E.D. Pen. Mar. 10, 2015) ("A primary focus of [the consumer debt] inquiry is the intended use of the debt.").

However, identity theft may also be a factor in determining the evidence needed to establish the existence of consumer debt. *See, e.g.*, *Boosahda*, 462 F. App'x at 336 n.7 (noting that a court should look at all relevant factors, including identity theft when making the consumer debt inquiry); *Martin v. Allied Interstate, LLC*, 192 F. Supp. 2d 1296 (S.D. Fla. 2016) ("while a plaintiff's assertion of identity theft alone is not sufficient to establish [consumer debt], it is a factor to be considered"); *Collins v. Portfolio Recovery Associates, LLC*, No. 2:12-CV-138, 2013 WL 9805805 *4 (E.D. Tenn. June 7, 2013) ("The Court believes that Defendants' position—that a consumer cannot pursue an FDCPA action where she alleges she lacks knowledge of the nature of the obligation because of identity theft—is untenable.").

In this case, Burton presents no evidence of identity theft or mistaken identity. He does not argue that the social security number on the account was not his or provide any

other evidence of how Citibank (and thus Unifund) made a mistake in stating that the debt was his. Thus, I cannot consider mistaken identity as a relevant factor in determining whether the debt in question is consumer debt. *See Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1204 (W.D. Wa. 2003) ("[T]he determination of whether a debt is incurred 'primarily for personal, family or household purposes' is a fact driven one, and should be decided on a case-by-case . . . basis looking at all relevant factors."). Moreover, as discussed earlier, the billing statements themselves do not reveal whether the transactions were made for personal use or commercial use and Burton provides no context to the statements which would aide a rational fact finder in making that determination.

Finally, at the summary judgment stage, Burton cannot rely on the statement from his amended complaint asserting "to the extent that Burton entered into a credit agreement with Citibank, N.A, such agreement was entered into for personal, family, or household purposes." (Am. Compl. ¶ 20.) The Seventh Circuit has stated that "summary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (internal citation omitted). For these reasons, even looking at the evidence in a light most favorable to Burton, as I must, he has not put forth any admissible evidence that shows a genuine factual dispute regarding whether the debt incurred was for personal, family, or household use. Accordingly, defendants' motions for summary judgment are granted.

2.2. WCA

Again, the WCA seeks to protect customers against unfair practices and defines a customer as "a person . . . who seeks or acquires real or personal property services, money, or credit for personal, family, or household purposes." Wis. Stat. § 421.301(17). Because Burton fails to demonstrate a genuine factual dispute as to whether the debt was incurred for personal, family, or household use, he has not established that he is covered under the WCA. Therefore, I need not address whether he was entitled to a notice of a right to cure. Defendants' motions for summary judgment regarding this claim are granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (Docket # 39 ) is **DENIED**;

**IT IS FURTHER ORDERED** that Unifund's motion for summary judgment (Docket # 48) is **GRANTED**;

**IT IS FURTHER ORDERED** that Kohn's motion for summary judgment (Docket # 51) is **GRANTED**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 13th day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge